RECEIVED-CLERK
U.S. DISTRICT COURT

2005 DEC 28  A 10: 27

STARR, GERN, DAVISON & RUBIN, P.C.
103 Eisenhower Parkway
Roseland, New Jersey 07068-1050
(973) 403-9200
Attorneys for Petitioner

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| LOUIS J. KENNEDY TRUCKING COMPANY | CIVIL ACTION NO: 05 - 6005 (JLL) |
| Petitioner, | NOTICE TO VACATE ARBITRATOR'S AWARD |
| and | |
| TEAMSTERS LOCAL UNION NO. 701 AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS WAREHOUSEMEN AND HELPERS OF AMERICA, | |
| Respondent | |

Petitioner, Louis J. Kennedy Trucking Company ("Kennedy"), moves for an Order, pursuant to Title 9, United States Code, Section 10, vacating the award of the Arbitrator and respectfully alleges:

1. Petitioner, Kennedy, is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business in the Town of Kearny, State of New Jersey.

2. Respondent, Teamsters Local Union No. 701 Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America ("Local 701"), is

an unincorporated association duly organized and existing under the laws of the State of New Jersey, with its principal place of business in the Township of New Brunswick, State of New Jersey.

3. The jurisdiction of this court is invoked under Title 9, United States Code, and particularly Section 10 thereof.

4. On or about May 6, 2001, Petitioner and Respondent entered into a Collective Bargaining Agreement relating to the terms and conditions of employment of certain of Kennedy's employees at its Kearny and Florence, New Jersey, locations. A copy of the contract is attached, marked Exhibit 1, and made a part hereof.

5. The Employer, Petitioner in this matter, is a trucking company that operates in interstate commence transporting loads throughout 48 states. Duties under the Collective Bargaining Agreement require drivers to work in commerce.

6. The contract contains in Article XIII an agreement to settle by arbitration any controversy arising out of the contract.

7. On August 1, 2004, the following controversy arose out of the contract: a grievance was filed by Edmundo Fernandes which objected to the Employer directing Fernandes to speak with a mental health professional.

8. Under color of the arbitration agreement in the contract, Respondent then submitted the controversy to arbitration. Petitioner denied that the matter was arbitrable. Following the procedure provided by the arbitration agreement, utilizing procedures of the New Jersey State Board of Mediation, Margaret Leibowitz was designated the Arbitrator to determine the issues in

controversy.

9. Thereafter, Margaret Leibowitz held hearings at which both parties appeared, and received oral and documentary evidence. On September 30, 2005, Margaret Leibowitz made an award in writing, determining:

> I. The grievance is procedurally arbitrable.
>
> II. The Company did not have just cause to suspend the Grievant, Mr. Edmundo Fernandes.
>
> As a remedy, the Company shall reinstate Mr. Fernandes with full back pay, seniority and benefits and shall make him whole in all other respects as soon as practicable after he has been cleared to return to work by a physician mutually selected by Company Counsel and Union Counsel to perform an independent DOT physical examination. In the unlikely event that the two attorneys are unable to agree upon a physician to perform an IME, the attorneys will mutually submit to me a list of qualified physicians for my selection. I will retain jurisdiction solely over the remedy.

A copy of the Award is attached, marked Exhibit 2, and made a part hereof.

10. In making the award, Arbitrator Margaret Leibowitz exceeded her powers and so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made in that the Arbitrator violated both the Collective Bargaining Agreement and the Law by requiring the Employer to cede its authority and responsibility in selecting medical examiners to examine Fernandes; in fashioning remedies which violated the Department of Transportation Regulations relating to disqualification of drivers, and further compelling the violation of Law which is contrary to a well accepted and deep rooted public policy, and further manifestly disregarded the law.

WHEREFORE, Petitioner moves the Court for an Order vacating the award on the grounds that Arbitrator Margaret Leibowitz exceeded her powers and so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made and/or manifestly disregarded the Law and the established public policy protecting the safety of the general public, and for an Order staying all proceedings to enforce the award pending the hearing and determination of this application.

_____
NICHOLAS STEVENS

and

_____
LARRY M. COLE

Dated: December 27, 2005