NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LOUIS J. KENNEDY TRUCKING CO., | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO. 05-6005 (JLL) |
| TEAMSTERS LOCAL UNION NO. 701, Affiliated with the Int'l Brotherhood of Teamsters, Chauffeurs Warehousemen and Helpers of America, | : | **OPINION** |
| Respondent. | : | |

**LINARES**, District Judge.

Currently before the Court is Petitioner, Louis J. Kennedy Trucking Company's ("Kennedy Trucking") petition to vacate an arbitration award issued by Margaret Leibowitz on September 30, 2005, and Respondent, Teamsters Local Union No. 701's ("Local 701") cross-motion to confirm the arbitration award.[1]  The Court has considered the parties' submissions.

---

[1] The was a substantial gap in time between the filing of Kennedy Trucking's petition to vacate the arbitration award, which was filed on December 28, 2005, and the filing of Local 701's cross-motion to confirm the arbitration award, which was filed on February 27, 2007.  This occurred because Local 701 initially responded to the petition to vacate by filing a separate complaint in this district, civil action no. 05-6025, asking the Court to confirm the arbitration award at issue.

On October 6, 2006, the Court consolidated 05-6025 into 05-6005 and ordered Local 701 to respond to Kennedy Trucking's petition to vacate the arbitration award in 05-6005 and, if necessary, to file a cross-motion to confirm the arbitration award in 05-6005 by October 27, 2006.  Local 701 did not comply with this order.  The parties appeared before Magistrate Judge Claire C. Cecchi for a conference on February 20, 2007.  At that time, Local 701 informed Judge Cecchi that it never received the Court's October 6, 2006 order.  Based on this information, Judge Cecchi gave Local 701 until February 27, 2007 to respond to the petition to vacate and file a cross-motion to confirm the arbitration award.  Local 701 complied.  The undersigned affirmed Judge Cecchi's decision to allow Local 701 to file such documents on appeal on March 12, 2007.

For the following reasons, the Court denies Petitioner's motion to vacate the arbitration award and grants Respondent's motion to confirm Arbitrator Leibowitz's September 30, 2005 award.

**I.      Factual and Procedural History**

Edmundo Fernandes was employed by Kennedy Trucking as a truck driver since 1989. Until 2004, Fernandes had no record of safety problems. In fact, the record reflects that Fernandes received several safety awards from Kennedy Trucking during his employment. On July 7, 2004, Kennedy Trucking received an anonymous phone call stating that Fernandes was driving erratically and aggressively. Dennis Plucinick, Vice President of Kennedy Trucking, questioned Fernandes about this incident. Fernandes denied driving aggressively but admitted that the driver of another vehicle had "given him the finger" that day for some unexplained reason. Fernandes purportedly reacted strongly and emotionally to Plucinick's questioning.

As a result of this incident, management at Kennedy Trucking began supervising Fernandes for incidents of road rage. The Director of Training, Brian Libby, rode with Fernandes on July 9, 2004. After observing other instances of purportedly aggressive behavior, he recommended suspending Fernandes and requiring him to attend training for his road rage problem. Kennedy Trucking gave Fernandes handouts on road rage, scheduled him for a mirror adjustment class, and, on July 21, 2004, directed Fernandes to speak with a psychologist associated with the Employee Assistance Program. Fernandes completed the mirror adjustment class, but refused to speak with the psychologist. Fernandes was removed from driving duties.

On July 28, 2004, Kennedy Trucking sent Local 701, the labor union representing Fernandes, a letter stating that it scheduled a re-certification of Fernandes's Department of Transportation ("DOT") physical for August 3, 2004, even though his current medical certificate

was not due to expire until December 15, 2005.  Kennedy Trucking admits that it scheduled Fernandes's DOT physical at that time because Kennedy Trucking reasonably believed that it had an affirmative obligation under DOT regulations to have Fernandes examined by a mental health professional and, given his refusal to voluntarily submit to such an examination, the only vehicle for accomplishing this was to schedule a re-certification physical.  See Scureman Certification at ¶ 10.[2]

Fernandes did not attend the August 3, 2004 physical.  He claims that he arrived for his physical, but did not enter the doctor's office because he saw Plucinick in the parking lot of the doctor's office.  Plucinick claims that he was not in the parking lot.   The physical was rescheduled for August 16, 2004.  Fernandes then asked that the August 16, 2004 physical be rescheduled for personal reasons.  Kennedy Trucking accommodated Fernandes and re-scheduled the physical for August 17, 2004.

Fernandes attended the August 17, 2004 physical with Dr. Eugene Fulop.  A few days prior to this physical, a Kennedy Trucking representative called Dr. Fulop and said that the purpose of this physical examination was a change in Fernandes's behavior, namely, an exhibition of road rage.  Fernandes passed the physical examination; however, Dr. Fulop temporarily disqualified him from driving until Fernandes could be examined by a psychologist.

An appointment was set up for that same day for Fernandes to meet with a psychologist.

---

[2] This reference is to the certification of Dave Scureman, Executive Vice President of Kennedy Trucking.  Although the Court credits the statements of fact contained in this certification, the Court disregards any legal arguments made therein.  See L. Civ. R. 7.2(a) ("Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant.  Argument of the facts and the law shall not be contained in affidavits.  Legal arguments and summations in affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions or both.").

Apparently, Kennedy Trucking set up Fernandes's appointment with the psychologist *before* Dr. Fulop's medical evaluation. Fernandes refused to see the psychologist. Thus, his temporary disqualification remained in effect. Fernandes has purportedly stated that he would rather stay at home for the rest of his life without working than submit to a psychological examination.

Local 701 and Kennedy Trucking are parties to a Collective Bargaining Agreement ("CBA"), effective May 6, 2001 to April 30, 2005, with an arbitration clause in Article XIII. Local 701, on behalf of Fernandes, submitted a grievance to the New Jersey State Board of Mediation objecting to Kennedy Trucking's temporary disqualification of Fernandes based on his refusal to speak to a psychologist.

Arbitrator Margaret Leibowitz was assigned to this case. Arbitrator Leibowitz held hearings on this matter on February 24, 2005 and April 1, 2005 in Newark, New Jersey. On September 30, 2005, she entered an opinion and award in favor of Local 701. The issues presented in the arbitration were:

(1) Is the grievance procedurally arbitrable?[3]

(2) If so, was there just cause for the suspension of the Grievant, Mr. Edmundo Fernandes? If not, what shall be the remedy?[4]

The Arbitrator found that the grievance was arbitrable, rejecting Kennedy Trucking's argument that administrative procedures under DOT regulations, and not the CBA, govern this dispute. The CBA contains an arbitration clause, in Article XIII, which states:

The parties agree that disputes that are not adjusted as provided for in Article XII will

---

[3] The parties agreed that this was the first issue to be decided by Arbitrator Leibowitz.

[4] The parties were unable to agree on the second issue. Arbitrator Leibowitz framed the issue in this manner.

>be submitted for arbitration under the rules of the New Jersey Board of Mediation. Time is of the essence, and disputes not submitted to the arbitrator within five (5) working days as provided for in Article XII, 3.) are not arbitrable.

The Arbitrator stated, "I do not believe that the [DOT] regulations preclude arbitral review of this grievance, but the remedy ordered should be consistent with the regulations."[5]

After finding that the grievance was arbitrable, Arbitrator Leibowitz found that Kennedy Trucking did not have just cause to suspend Fernandes from work. First, Arbitrator Leibowitz recognized that Kennedy Trucking had an obligation to comply with DOT regulations under Article VII of the CBA which states, in relevant part:

>2.  The employer shall comply with any and all laws, ordinances, orders, rules, rulings and regulations, of any and all municipal, county, state and federal authorities, boards, commissions or other governmental agencies relating to either the employment or protection of the employees, or both.
>. . .
>4.  All employees who drive shall maintain a current D.O.T. medical certificate(s) at all times. When such medical certificate(s) is/are due for renewal, the employer reserves the right to send the employee to a doctor designated by the employer. The employer shall pay for the cost of such renewal.

However, Arbitrator Leibowitz found that Kennedy Trucking was also obligated, under Article XII, section 1 of the CBA, to conduct a thorough investigation of the anonymous complaint against Fernandes, which, "started the snowball rolling" with respect to Fernandes's suspension. This section of the CBA states:

---

[5] During the arbitration proceedings, Kennedy Trucking also argued that the dispute was not arbitrable because Local 701 failed to timely submit the matter to arbitration pursuant to the applicable provisions of the CBA. Arbitrator Leibowitz found that Local 701 complied with the CBA in this regard. Kennedy Trucking does not argue that the arbitration award should be vacated on this ground. Accordingly, the Court does not consider whether the grievance was timely submitted to arbitration under the CBA and assumes that such filing was timely.

>    1.    An employee may be fired or suspended for just cause; however, no employee may be suspended until the union has been giving [sic] forty-eight (48) hours written notice of such suspension. Saturday and Sunday shall not be used in computing the forty-eight (48) hours.

The Arbitrator determined that Kennedy Trucking violated the "just cause provision" of the CBA by rushing to judgment and concluding prematurely, without evidentiary support, that Fernandes suffered from road rage and should be suspended from duty because his behavior prompted safety concerns. She determined that Kennedy Trucking took a "series of adverse, if not disciplinary" actions against Fernandes, an exemplary employee for fifteen years, such as subjecting him to a test ride with Libby and ordering him to undergo physical and mental examinations when his DOT certification was still current, based on an unverified complaint from an anonymous driver.

Arbitrator Leibowitz found that a "full, fair, and timely investigation would have enabled the Company to achieve the objectives of insuring [sic] safety, protecting the Company from liability, and respecting the contractual rights of a long-term employee with exemplary service." For example, a full investigation would have included, according to the Arbitrator, ascertaining the name of the anonymous caller, investigating Fernandes's story about the obscene gesture directed at him, and investigating the scene of the alleged road rage incident.

Having found that Kennedy Trucking lacked just cause to suspend Fernandes from work, the Arbitrator then fashioned a remedy for Kennedy Trucking's conduct. Since Fernandes was temporarily disqualified from driving by Dr. Fulop, the Arbitrator ordered Fernandes to submit to an independent DOT medical examination conducted by a physician mutually selected by the parties or, if necessary, selected by the Arbitrator from a list compiled by the parties. Arbitrator

Leibowitz stated that once Fernandes is cleared to return to work by this physician, Kennedy Trucking must reinstate him with full back pay, seniority and benefits.

The Court herein considers Kennedy Trucking's petition to vacate Arbitrator Leibowitz's September 30, 2005 arbitration award pursuant to 9 U.S.C. § 10 and Local 701's cross-motion to confirm the award pursuant to 9 U.S.C. § 9.

**II.     Legal Discussion**

**A.      Standard of Review**

Petitioner, Kennedy Trucking, has the burden of proving that the arbitration award at issue should be vacated. See, e.g., Jones v. Intarome Fragrance Corp., No. 04-5625, 2007 WL 1296656, at *3 (D.N.J. Apr. 27, 2007). This Court may not vacate an arbitration award merely because it views the merits of the claims differently or because the Court feels that the arbitrator made a factual or legal error. See, e.g., Major League Umpires Ass'n v. American League of Professional Baseball Clubs, 357 F.3d 272, 279 (3d Cir. 2004); News America Publications, Inc. Daily Racing Form Division v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990). Instead, arbitration awards are entitled to a strong presumption of correctness which can only be overcome in extremely narrow circumstances. See, e.g., Westra Const., Inc. v. U.S. Fidelity & Guar. Co., No. 1:03-CV-0833, 2007 WL 1031438, at *2 (M.D. Pa. Mar. 29, 2007).

Section 9 of the Federal Arbitration Act ("FAA") states, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.*

9 U.S.C. § 9 (emphasis added).  Thus, pursuant to section 9, an arbitration award must be confirmed unless the award is vacated, modified, or corrected under 9 U.S.C. §§ 10, 11.

Section 10(a) of the FAA provides that a court may vacate an arbitration award:

(1)   where the award was procured by corruption, fraud, or undue means;

(2)   where there was evident partiality or corruption in the arbitrators, or either of them;

(3)   where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)   where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

In addition to the above-referenced statutory bases for vacating an arbitration award, the Third Circuit has recognized certain common law grounds for vacating an arbitration award. See, e.g., Jones, 2007 WL 1296656, at *3; Edward Mellon Trust v. UBS Painewebber, Inc., No. 2:06-CV-0184, 2006 WL 3227826, at *3 (W.D. Pa. Nov. 6, 2006).  First, vacatur is permitted if the award is completely irrational. See, e.g., Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co. Ltd., 868 F.2d 52, 56 (3d Cir. 1989); Edward Mellon Trust, 2006 WL 3227826, at *3.  In order to vacate an arbitration award on such grounds, there must be absolutely nothing in the record to justify the arbitrator's decision. See, e.g., News America, 918 F.2d at 24; Edward Mellon Trust, 2006 WL 3227826, at *3.  Second, an arbitrator's manifest disregard for the law is sufficient justification to vacate an arbitration award. See, e.g., Tanoma Min. Co., Inc. v. Local Union No. 1269, United Mine Workers of America, 896 F.2d 745, 749 (3d Cir. 1990);

Bender v. Smith Barney, Harris Upham & Co., 901 F. Supp. 863, 870 (D.N.J. 1994). Manifest disregard for the law involves something more than legal error—the arbitrator must have been " 'fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it.' " See Westra, 2007 WL 1031438, at *4 (quoting Black Box Corp. v. Markham, No. 03-3910, 127 Fed. Appx. 22, 2005 WL 546649, at *2 (3d Cir. Mar. 29, 2005)).

Furthermore, arbitration awards may be vacated if they violate clearly defined and dominant public policy as " 'ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.' " Eastern Associated Coal Corp. v. United Mine Workers of America, Dist 17, 531 U.S. 57, 62-63 (2000) (internal citation omitted); see also Arco Enterprises, Inc. v. Operative Plasterers' and Cement Masons' Int'l Ass'n of United States, 124 Fed. Appx. 710, 2005 WL 256342, at *2 (3d Cir. Feb. 3, 2005) (indicating that arbitration awards may be vacated when such conflict with public policy).

In its petition to vacate, Kennedy Trucking essentially alleges, although in less artful terms, that:

(1)  Arbitrator Leibowitz exceeded her powers or so imperfectly executed them by deciding whether the dispute was arbitrable that a mutual, final, and definite award upon the subject matter submitted was not made;

(2)  Arbitrator Leibowitz manifestly disregarded federal law, namely, the procedure set forth in Federal Motor Carrier Safety Regulation, 49 C.F.R. § 391.47, promulgated by the DOT, in finding that this dispute was arbitrable;

(3)  Arbitrator Leibowitz manifestly disregarded federal law because the remedy she crafted conflicts with Kennedy Trucking's obligations under the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 391 et sq., promulgated by the DOT; and

9

  (4)  Arbitrator Leibowitz's remedy violated deep rooted public policy against allowing unsafe drivers to operate vehicles on public roadways.

Kennedy Trucking does not claim that the award was procured by fraud, corruption, or other undue means. Further, Kennedy Trucking does not claim that Arbitrator Leibowitz lacked the requisite impartiality or that she prejudiced Petitioner by refusing to postpone the arbitration hearing or refusing to hear material evidence. Petitioner also does not claim that the award is irrational.

**B.** **Subject Matter Jurisdiction**

  The Court must first determine, *sua sponte*, whether it has jurisdiction to decide this dispute. In its petition to vacate, Kennedy Trucking states "[t]he jurisdiction of this court is invoked under Title 9, United States Code, and particularly section 10 thereof." See Petition to Vacate at ¶ 3.[6] This statute, as outlined above, sets forth the grounds for vacating an arbitration award. Courts have uniformly held that the Federal Arbitration Act, including 9 U.S.C. § 10, does not create federal question jurisdiction. See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983); Pfizer Inc. v. Uprichard, 422 F.3d 124, 128 n.5 (3d Cir. 2005); Fox v. Faust, No. 05-1998, 2007 WL 1454291, at *1 (3d Cir. May 18, 2007). Furthermore, a petition to vacate an arbitration award under 9 U.S.C. § 10 "does not raise a federal question merely because the underlying arbitration involves a federal question." See Fox,

---

[6] Petitioner does not allege that jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. See Pfizer Inc. v. Uprichard, 422 F.3d 124, 128 n.5 ("the federal courts have jurisdiction to adjudicate suits under the FAA pursuant to 28 U.S.C. § 1332"). In fact, the petition to vacate indicates that both Petitioner and Respondent are citizens of New Jersey.

2007 WL 1454291, at *2 n.2 (collecting cases).

The only potential basis for federal jurisdiction in this case is that the instant petition alleges, on its face, that the arbitration award was issued in manifest disregard of federal law. See, e.g., Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1111-1112 (9th Cir. 2004) (holding that federal courts have jurisdiction to hear a petition to vacate an arbitration award based on the arbitrator's manifest disregard of federal law); Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 27 (2d Cir. 2000) ("Where the arbitrators' alleged manifest disregard of federal law forms a key part of the petitioner's complaint about the award, the federal questions thereby presented are substantial enough to support federal jurisdiction."). The Second Circuit explained the reasoning for finding that federal courts have jurisdiction to hear a petition to vacate an arbitration award based on the arbitrator's manifest disregard for federal law:

> We hold that where, as here, the petitioner complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition. In contrast to grounds of review that concern the arbitration process itself—such as corruption or abuse of power—review for manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregarded that law. This process so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present.

Greenberg, 220 F.3d at 27.

It does not appear that the Third Circuit has ruled as to whether a petition to vacate an arbitration award, which on its face alleges that the arbitrator manifestly disregarded federal law, may be heard in federal district court. Cf. Fox, 2007 WL 1454291, at *2 n.3 ("Fox also argues that federal question jurisdiction exists where 'the petitioner complains principally and in good

11

faith that the award was rendered in a manifest disregard of federal law.'  This theory is inapplicable in this case because Fox alleges only defects in the arbitration process." (internal citation omitted).  At least one district court in this district has adopted the reasoning of Greenberg, holding that it had jurisdiction over a petition to vacate an arbitration award on the ground that such was rendered in manifest disregard of federal law.  See Smith v. PSI Services II Inc., No. Civ. A. 97-6749, 2001 WL 41122, at *1 (E.D. Pa. Jan. 12, 2001) ("Where a party moves to vacate an arbitral decision on the ground that it was rendered in manifest disregard of federal statutory law, the court has federal question jurisdiction to adjudicate the matter pursuant to 28 U.S.C. § 1331.") (citing Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 28 (2d Cir. 2000)).

Petitioner's second and third grounds for vacatur of the arbitration award, as discussed above, assert that the Arbitrator manifestly disregarded Kennedy Trucking's obligations under federal law.  Since the Third Circuit has not expressly prohibited this Court from exercising jurisdiction in this instance, and because the Second Circuit's approach in Greenberg appears logical and prudent, the Court exercises its jurisdiction over this matter and decides the merits of Petitioner's claims.

**C.     Merits of the Cross-Petitions**

First, the Court considers whether Arbitrator Leibowitz exceeded her powers or so imperfectly executed them by deciding whether this dispute was arbitrable that a mutual, final, and definite award upon the subject matter submitted was not made.  The Court refuses to vacate the arbitration award on this basis.  It is clear from the record that both Kennedy Trucking and Local 701 agreed that the first issue to be determined by the Arbitrator was whether the dispute

was arbitrable. Having submitted this issue for decision by the Arbitrator, Kennedy Trucking cannot now claim that she lacked the authority to consider and determine this issue.

Second, the Court determines whether Arbitrator Leibowitz's decision that this matter was arbitrable manifestly disregarded federal law. Specifically, Kennedy Trucking argues that the procedure set forth by the DOT in 49 C.F.R. § 391.37 preempts the CBA and thus, DOT regulations and not the CBA, govern this dispute. Section 391.47 of Title 49 of the Code of Federal Regulations sets forth an administrative appeal procedure which an employee can pursue in cases of "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." 49 C.F.R. § 391.47; see also Stevens v. Coach U.S.A., 386 F. Supp. 2d 55, 65 (D. Conn. 2005). According to Kennedy Trucking, pursuant to this regulation, Fernandes should have sought "removal of the temporary disqualification through the Department of Transportation, not through arbitration." In support of this argument, Kennedy Trucking points to Article XVI of the CBA which states, in relevant part:

> In the event that any provision(s) of this Agreement . . . are in conflict with . . . any other State or Federal law, it is understood and agreed that such provision(s) of this Agreement . . . shall not be operative so long as such conflict exists . . . .

Kennedy Trucking also points to Article VII of the CBA which, as stated above, provides that the employer, Kennedy Trucking, shall comply with all applicable laws.

The Court also rejects this claim and will not vacate the award on this basis. Arbitrator Leibowitz, in determining whether this dispute was arbitrable, expressly considered both the CBA, which unequivocally states that all disputes between the employer and the union, if not adjusted by the parties themselves, are subject to arbitration, see CBA Article XII, Section 3;

13

Article XIII,[7] and the applicable DOT regulations. The Arbitrator applied the CBA's arbitration clause, but recognized that "the remedy ordered should be consistent with the [DOT] regulations." Kennedy Trucking has provided no basis for this Court to conclude that the Arbitrator's decision that this dispute was arbitrable represented a manifest disregard for the law. Kennedy Trucking's argument in this regard is really that the Arbitrator's decision that the dispute was arbitrable was legally erroneous or an improper reading of the CBA and DOT regulations. Even if Petitioner is correct on this point, as discussed above, such is insufficient to warrant vacating Arbitrator Leibowitz's opinion.

Furthermore, express findings in the record justify Arbitrator Leibowitz's determination that this matter was arbitrable, despite the existence of 49 C.F.R. § 391.47. Fernandes was essentially forced into temporary disqualification for failing to obtain a medical certification under 49 C.F.R. § 391.41 because Kennedy Trucking required him to be re-certified by a DOT physician prior to the expiration of his previous certification. The Arbitrator found that Fernandes's temporary disqualification under DOT regulations was basically orchestrated by Kennedy Trucking, which contacted Dr. Fulop ahead of time to discuss Fernandes's purported road rage issues and set up an appointment for Fernandes with a psychologist before Dr. Fulop even examined Fernandes. Thus, the Arbitrator viewed Fernandes's "temporary disqualification" as really a suspension by Kennedy Trucking without just cause, which event is clearly covered by the CBA's arbitration clause, see CBA Article XII, Section 1; Article XIII, as

---

[7] Kennedy Trucking recognizes in its petition to vacate that "[t]he [CBA] contains in Article XIII an agreement to settle by arbitration *any controversy* arising out of the contract." See Notice to Vacate Arbitrator's Award at ¶ 6 (emphasis added).

opposed to 49 C.F.R. § 391.47.

Third, the Court considers whether Arbitrator Leibowitz manifestly disregarded federal law because, according to Kennedy Trucking, the remedy she crafted conflicts with Kennedy Trucking's obligation under DOT regulations. Specifically, Kennedy Trucking claims that, in the interest of promoting safety on the roads, various DOT regulations prohibit Kennedy Trucking from allowing Fernandes to operate commercial vehicles due to his disqualification by Dr. Fulop. See 49 C.F.R. § 391.11 (outlining the general qualifications for drivers); § 391.41 (setting forth the physical qualifications for drivers).

The Court also rejects this claim. Arbitrator Leibowitz specifically considered Kennedy Trucking's obligations under the applicable DOT regulations in rendering her decision and crafting her remedy. Contrary to Kennedy Trucking's contentions, Arbitrator Leibowitz's remedy does not require Kennedy Trucking to breach the applicable DOT regulations by employing a temporarily disqualified driver. She did not order Kennedy Trucking to immediately reinstate Fernandes, a disqualified driver, and allow him to operate commercial vehicles on the roadways. Instead, the Arbitrator ordered Fernandes to submit to an independent DOT medical examination conducted by a physician mutually selected by the parties or, if necessary, selected by the Arbitrator from a list complied by the parties. Once he is cleared to return to work by this physician, i.e., once he receives a current DOT medical certificate, Kennedy Trucking must reinstate Fernandes. Thus, the Court will not vacate the award on this basis because Arbitrator Leibowitz's remedy does not manifestly disregard federal law and instead, appears to be in line with DOT regulations.


...

Lastly, the Court considers whether the arbitration award and in particular, the remedy imposed by Arbitrator Leibowitz, violates public policy. Kennedy Trucking claims that ordering it to reinstate a "potentially emotionally disturbed driver" endangers the public. This argument is also rejected. Again, Arbitrator Leibowitz did not order Kennedy Trucking to reinstate Fernandes immediately. He still must pass an independent DOT medical examination before returning to work at Kennedy Trucking. Thus, Arbitrator Leibowitz's award violates no specific law or regulation and does not run contrary to any legally recognized public policy. See Eastern Associated Coal, 531 U.S. at 69 (finding that arbitration award which reinstated a truck driver discharged by his employer for failing drug tests did not violate public policy and thus, was enforceable). On the contrary, as stated above, this remedy reflects the Arbitrator's cognizance of and adherence to the applicable DOT regulations and attempts to balance the need for public safety with the need to ensure that the rights of a long-term employee are not violated. [8]

## III.     Conclusion

Thus, for the foregoing reasons, the Court denies Petitioner's motion to vacate the arbitration award and grants Respondent's motion to confirm Arbitrator Leibowitz's September 30, 2005 award. This matter is hereby closed. An appropriate order accompanies this opinion.

DATED:   September 17, 2007                              s/ Jose L. Linares
                                                         United States District Judge

---

[8] Furthermore, with respect to the Arbitrator's remedy, Kennedy Trucking makes a fleeting argument that the Arbitrator's award of back pay was improper and an imperfect exercise of the Arbitrator's powers and that Fernandes failed to mitigate his damages by seeking other employment during his temporary suspension. Kennedy Trucking provides no support to indicate that the Arbitrator's decision in this regard was an abuse of her power or that she otherwise manifestly disregarded the law. The Court will not vacate the award on this basis.